IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GLORIA THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:08-cv-208 |
| | § | |
| GREG ABBOTT, Attorney General of Texas, | § | |
| Child Support Division | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Thomas, an African-American female, worked for the office of the Attorney General of Texas as a Child Support Officer (CSO), a Program Administrator, and a Manager. Despite years of stellar evaluations, Thomas was terminated. She later filed suit under Title VII of the Civil Rights Act of 1964 complaining that she was treated differently than other similarly situated employees because of her race.

Before the Court is Defendant Greg Abbott, Attorney General of Texas, Child Support Division's Motion for Summary Judgment (Doc. No. 14). Upon due consideration of the pleadings and the governing law, the Court DENIES Defendant's motion.

**Summary Judgment Standard**

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). A motion for summary judgment should be granted if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Under Rule 56, the party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact." *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 323). Even when the nonmovant bears the burden of proof at trial, "[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. Int'l Paper Co.*, 943 F.2d 589, 591 (5th Cir. 1991). The movant always bears the burden of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex*, 477 U.S. at 323). The movant "must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).

It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove its case. *See Celotex*, 477 U.S. at 328 (White, J., concurring) ("But the movant must discharge the burden the Rules place upon him: It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2005) (recognizing that when a defending party moves for summary judgment, it may not rely on a conclusory statement that the other party has no evidence); *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993); *Castaneda v. Flores*, No. 5:05-CV-129, 2007 WL 1671742, at *1-2 (S.D.

Tex. Jun. 8, 2007) (slip op.); David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 47 S. TEX. L. REV. 409, 539-40 (2006). Instead, the movant must point to evidence in the record that demonstrates that there is no genuine issue of material fact. *Seastrunk v. Darwell Integrated Tech.*, No. 3:05-CV-0531, 2008 WL 190316, at *2-3 (N.D. Tex. Jan. 22, 2008) (slip op.) ("The moving party, while not needing to produce evidence, must at least identify portions of the record that demonstrate an absence of evidence. It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements."); *see* Martin B. Louis, *Federal Summary Judgment Doctrine: A Critical Analysis*, 83 YALE L.J. 745, 749-750 (1974); *see, e.g.*, *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1192-93, 1195 (5th Cir. 1986).

If the moving party fails to meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little*, 37 F.3d at 1075. If the movant meets the burden, however, Rule 56 requires the opposing party to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996).

**Analysis**

In support of his motion, the Attorney General merely states that "Plaintiff cannot produce support for an essential element of her claim: 'that race' was a motivating factor in the decision to terminate her employment." The Attorney General did not attach any evidence or point to any evidence in the record to support his motion.

Although the federal summary judgment standard does not require the movant to produce additional evidence negating the nonmovant's evidence, the movant nevertheless "bears the initial responsibility of informing the district court of the basis for its motion, and *identifying those portions of the [record]* which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (emphasis added). "A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden." *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993). Because the Attorney General failed to identify those portions of the record which demonstrate the absence of a genuine issue of material fact, the Attorney General has failed to meet his summary judgment burden.

## Conclusion

For the reasons previously stated, the Court DENIES Greg Abbott, Attorney General of Texas, Child Support Division's Motion for Summary Judgment because Defendant wholly failed to meet his summary judgment burden.

**It is SO ORDERED.**

**SIGNED this 30th day of March, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE